# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| **LEXIE CASON,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **CIVIL ACTION NO.:** |
| v. ) | |
| ) | _____ |
| **AT&T MOBILITY SERVICES,** ) | |
| **LLC,** ) | |
| ) | **JURY DEMAND** |
| ) | |
| **Defendant.** ) | |

## COMPLAINT

**I.  INTRODUCTION**

1. This is an action for declaratory judgment, equitable relief, and money damages, instituted to secure the protection of and to redress the deprivation of rights secured through: (a) Title VII of the Act of Congress commonly known as "The Civil Rights Act of 1964," 42 U.S.C. §§ 2000(e) et seq. as amended by "The Civil Rights Act of 1991," 42 U.S.C. § 1981a (hereinafter "Title VII"), incorporating therein the Pregnancy Discrimination Act of the Civil Rights Act of 1964, which provides for relief against discrimination in employment on the basis of sex and retaliation; (b) violations of Title I of the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12101 et. seq., 42 U.S.C. § 12203 (the antiretaliation provision of the ADA); and © the Family Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. §2601, et seq. The

plaintiff seeks compensatory, liquidated, and punitive damages, and requests a jury trial pursuant to 42 U.S.C. § 1981a.

## II.   JURISDICTION AND VENUE

2.  Plaintiff believes that this Court has jurisdiction in accordance with 28 U.S.C. § 1331, 29 U.S.C. §2617, 28 U.S.C. § 2201 and 2202, 29 U.S.C. § 794a, and 42 U.S.C. § 12133.

3.  The unlawful employment practices alleged herein below were committed by the Defendant within Cullman County, Alabama.  Venue is proper pursuant to 28 U.S.C. § 1391and 42 U.S.C. § 2000e-5(g).

4.  Plaintiff has fulfilled all conditions precedent to the institution of this action including those statutory requirements under Title I of the ADA, and Title VII. Plaintiff timely filed her charge of discrimination within 180 days of occurrence of the last discriminatory act.  Plaintiff also timely filed this complaint within 90 days of the receipt of a Notice of Right To Sue issued by the Equal Employment Opportunity Commission

## III.   PARTIES

5.  Plaintiff, Lexie Cason (hereinafter "Cason" or "Plaintiff"), is a female citizen of the United States and a resident of the State of Alabama.

6. Plaintiff was an eligible employee under the FMLA in that she worked for the Defendant for more than 12 months and had worked more than 1250 hours of service within the preceding 12 months and had worked at a location where at least 50 employees were employed.

7. Plaintiff is also a qualified individual under the Americans with Disabilities Act in that she has physical impairments which substantially limit one or more of her major life activities, and/or is perceived as having a disability which substantially limits her major life activities, and/or has a history of having such disabilities. 42 U.S.C. § 12102, 42 U.S.C. § 12131, 29 U.S.C. § 706.

8. Defendant, AT&T Mobility Services, LLC, (hereinafter "Defendant" or "AT&T"), is a Delaware company doing business in Cullman County, Alabama, and employs 15 or more employees.

9. The Defendant is an employer pursuant to 42 U.S.C. § 12111(5); an employer within the meaning of 42 U.S.C. § 2000e(a) and (b); and is a covered employer pursuant to 29 U.S.C. §2611(4).

10. At all times relevant to this action the defendant has employed at least fifteen (15) or more employees.

## IV.  FACTUAL ALLEGATIONS

11.  Plaintiff began working as a Retail Sales Consultant in AT&T Mobility's Cullman, Alabama, store on November 8, 2015.

12.  Plaintiff remained employed in this position up to and until her unlawful termination on August 24, 2018.

13.  Plaintiff's supervisors were Mark Sanchez (Retail Store Manager), Andrew Robinson (Retail Store Manager), and Cyrill Pierre (Assistant Store Manager/Acting Manager).

14.  During the Plaintiff's employment with AT&T she was discriminated against for being a pregnant female, and her rights under the ADA and the FMLA were violated.

15.  In May 2017 during the Plaintiff's first pregnancy, AT&T Mobility refused to grant her FMLA leave time or to grant her a reasonable accommodation to her work schedule and counted pregnancy/medical related absences against her under the disciplinary policy.

16.  After a year had passed since these May 2017 attendance points accrued, the Defendant did not allow these absences to "roll off" the Plaintiff's attendance record as they should have under the company's attendance policy and instead the absences continued to be counted against her for disciplinary purposes.

17. In 2018 the Plaintiff became pregnant again and suffered from medical conditions related thereto which required ongoing medical monitoring and treatment.

18. The Plaintiff was being seen by her treating physician approximately every two (2) weeks due to the need to monitor and treat her ongoing medical conditions/disability.

19. At this time the Plaintiff suffered from a disability, was perceived as having a disability, and/or had a history of a disability.

20. In April/May2018 the Plaintiff applied for intermittent FMLA leave in relation to her second pregnancy and to her medical conditions/disability.

21. Plaintiff's doctor submitted all necessary leave paperwork to the Defendant setting out that Plaintiff should receive 6-8 days of intermittent leave per month due to illness/medical conditions associated with her pregnancy.

22. AT&T denied the Plaintiff's FMLA request with no reason given and instead informed Plaintiff that she was required have her doctor submit specific, individual FMLA paperwork for each and every individual occurrence of intermittent leave.

23. The Defendant counted two (2) of Plaintiff's intermittent leave occurrences in April 2018 against the Plaintiff's attendance/disciplinary record despite her doctor's submission clearly requesting that each of these dates be treated

as intermittent FMLA leave. This resulted in Plaintiff's attendance points continuing to accrue which could result in disciplinary action and termination.

24. Plaintiff sought legal counsel about the matter and via a letter dated June 13, 2018, the Plaintiff's lawyer advised the Plaintiff's supervisors and the benefits provider, Sedgwick CMS, that the Plaintiff had retained legal counsel over her FMLA issues and related pregnancy/medical conditions; that it appeared the Defendant was unlawfully denying the Plaintiff's eligible FMLA leave; that the Defendant was interfering with Plaintiff's ability to take her federally protected leave, and that the Defendant was unlawfully counting eligible FMLA absences against Plaintiff.

25. In this letter Plaintiff's counsel also advised the Defendant that it's denial of the Plaintiff's eligible FMLA leave requests and subsequent attempts to interfere with Plaintiff's FMLA protection by requiring a doctor's submission for each intermittent absence is in violation of the law. The letter then asked for the violations to be corrected in order to avoid legal action.

26. After this letter was sent, the Plaintiff's supervisors began targeting her and subjecting her to stricter discipline and scrutiny than her co-workers in retaliation for Plaintiff having asserted her rights and complained about the unlawful treatment she received because of her pregnancy, disability, and her request for FMLA leave.

27. On August 2, 2018, Plaintiff was called into the office by Store Manager Mark Sanchez. Sanchez had Roberta Young of Human Resources on the phone and they informed the Plaintiff that she was being investigated. Mark Sanchez then informed the Plaintiff that she might want to find another job.

28. On August 24, 2018, Plaintiff was terminated by Mark Sanchez. Sanchez told the Plaintiff that a final decision was made and he read one sentence of the Plaintiff's termination letter and then stopped and told her that her termination was effective immediately and he needed her phone, badge, etc.

29. At the time of her termination, Plaintiff was approximately 7 months pregnant.

30. Plaintiff was subsequently informed via the Defendant's response to her unemployment filing that the Defendant alleged that Plaintiff was fired for multiple theft violations. Plaintiff never stole anything from the Defendant.

31. Plaintiff was later informed that she was not fired for theft, and that the reason of multiple theft violations as submitted to the unemployment office was a "typo."

32. The Defendant then submitted a different alleged reason for Plaintiff's termination to the unemployment office – that she had allegedly engaged in improper account access and cash handing on June 12, 2018, well over two (2) months prior

to her termination.

33. However, Plaintiff had acquired management approval from Cyrill Pierre for the June 12, 2018, transaction at issue.

34. Specifically, on June 12, 2018, Plaintiff called Assistant Manager Cyrill Pierre about a transaction for a customer, Jeremy (who happened to also be a former AT&T Manager). Pierre approved the Plaintiff accessing Jeremy's account without ID because Pierre said, "we know who Jeremy is."

35. This was not an unusual occurrence and Plaintiff knew of multiple employees at the store that accessed customer accounts all the time without requiring or scanning an ID.

36. On that same day, June 12, 2018, another AT&T employee, Amy was working with the Plaintiff. Amy owed Jeremy money and had the Plaintiff hand the money to him while he was in the store.

37. Upon information and belief, none of the other employees involved in the June 12, 2018, incident were investigated, disciplined, or terminated for their involvement in this matter.

38. Cyrill is male and upon information and belief Amy was not pregnant at the time; neither had sought FMLA/medical leave; nor had they sought any leave or accommodation for a disability/medical condition.

39. Upon information and belief neither Amy nor Cyrill had taken action to complain of or oppose unlawful pregnancy discrimination, ADA violations, or FMLA violations.

40. The discriminatory treatment at work and ultimate termination of Plaintiff constituted illegal discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended, the Pregnancy Discrimination Act of 1978, as amended, and the Americans with Disabilities Act of 1990, as amended.

41. Plaintiff was discriminated against on the basis of her disability and in relation to her request for accommodation of same by being denied a reasonable accommodation, by being subjected to investigation, and by her termination.

42. Plaintiff's FMLA rights were also violated in relation to her attempt to assert her federally protected rights under the FMLA as her FMLA rights were denied, interfered with, and she was terminated.

43. Upon information and belief, similarly situated employees who were not pregnant were not subjected to investigation and termination under similar circumstances.

44. Upon information and belief, similarly situated employees who do not suffer from a disability, are not perceived as suffering from a disability, and/or do not have a record of a disability were not subjected to investigation and termination under

similar circumstances.

45. Upon information and belief, similarly situated employees who had not requested accommodations under the ADA and/or complained of disparate treatment were not subjected to investigation and termination under similar circumstances.

46. In retaliation for exercising her rights under the ADA, FMLA, and Title VII, the Defendant subjected the Plaintiff to unlawful retaliation including, but not limited to, denying her reasonable accommodations, by subjecting her to investigation, and by terminating her employment.

47. As the result of the defendant's conduct the plaintiff was deprived of income and other benefits due her. She also suffered embarrassment, humiliation, inconvenience, and mental distress.

48. Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein, and this suit for a declaratory judgment, backpay, an injunction, and compensatory, liquidated, and punitive damages is her only means of securing adequate relief.

49. Plaintiff is suffering and will continue to suffer irreparable injury from the defendant's unlawful conduct as set forth herein unless enjoined by this Court.

## V.   CAUSES OF ACTION

### COUNT I –DISCRIMINATION AND RETALIATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

50.    Plaintiff realleges and incorporates by reference paragraphs 11 through 49 above with the same force and effect as if fully set out in specific detail hereinbelow.

51.    The Plaintiff is a qualified person with a disability, has a history of disability and/or is perceived as disabled pursuant to 42 U.S.C. § 12102, and 29 U.S.C. § 706.

52.    Despite the Plaintiff's disabilities, with or without reasonable accommodations, the Plaintiff was able to perform the essential functions of her job.

53.    Plaintiff was subjected to unlawful discrimination by the defendant based on her disability and/or perceived and/or record of a disability including, but not limited to, being denied reasonable accommodations, by being subjected to investigation, and by her unwarranted termination.

54.    At the time of this unlawful activity the defendant had knowledge that the Plaintiff suffered from an actual or perceived disability and/or had a record of a disability.

55.     The Plaintiff, in good faith, took action opposing the Defendant's discriminatory practices in violation of the ADA by making complaints internally to management and to corporate levels regarding denial of reasonable accommodations for her medical conditions.

56.     As set out in detail above, thereafter the Defendant unlawfully retaliated against the Plaintiff in that she was subjected to investigation, and was terminated from her employment.

57.     The defendant intentionally, willfully and with reckless indifference discriminated and retaliated against the plaintiff in the terms, conditions, benefits of her employment including, but not limited to, her termination, wages, benefits, discipline, and the responsibilities and duties of her employment because of her status as a person with a disability and/or because of her good faith opposition to such discrimination.

58.     Defendant, by its discriminatory treatment of the Plaintiff, has intentionally, willfully, with deliberate indifference and without justification deprived plaintiff of her federally protected rights, as described herein.  This deprivation violates plaintiff's rights under the Americans with Disabilities Act.

59.     The defendant's conduct as described above caused the plaintiff emotional distress, mental anguish, loss of enjoyment of life, inconvenience, and

humiliation.

60. The plaintiff seeks to redress the wrongs alleged herein in this suit for lost wages, lost benefits, an injunction and a declaratory judgment. The plaintiff is now suffering and will continue to suffer irreparable injury from the defendant's unlawful policies and practices as set forth herein unless enjoined by this Court.

## COUNT II- SEXUAL DISCRIMINATION AND RETALIATION IN VIOLATION OF TITLE VII[1]

61. The plaintiff re-alleges and incorporates by reference paragraphs 11-49 above with the same force and effect as if fully set out in specific detail hereinbelow.

62. As discussed above, plaintiff was wilfully and maliciously discriminated against on the basis of her sex and her status as a pregnant female with respect to the terms, conditions, benefits and privileges of her employment.

63. Specifically, the Plaintiff was denied leave time/accommodation, was subjected to investigation, and was terminated from her employment.

64. The Plaintiff, in good faith, took action opposing the Defendant's discriminatory practices in violation of Title VII by making complaints internally to management and to corporate levels of denial of her accommodations/leave time in relation to her pregnancy.

---

[1] Plaintiff's reference to Title VII includes the Pregnancy Discrimination Act of the Civil Rights Act of 1964, incorporated therein.

65. As set out in detail above, thereafter the Defendant unlawfully retaliated against the Plaintiff in that she was subjected to investigation, and was terminated from her employment.

66. The unlawful conduct of the defendant as described above was done with malice and/or reckless disregard of and/or deliberate indifference to the plaintiff's federally protected rights.

67. The defendant's conduct as described above caused the plaintiff emotional distress, mental anguish, loss of enjoyment of life, inconvenience, and humiliation.

68. The plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs alleged herein and this suit for back-pay, injunctive relief, compensatory and punitive damages and a declaratory judgment is her only means of securing adequate relief.

69. The plaintiff is now suffering and will continue to suffer irreparable injury from the defendant's unlawful conduct as set forth herein unless enjoined by this Court.

## COUNT III - FMLA INTERFERENCE AND DISCRIMINATION
## IN VIOLATION OF THE FAMILY MEDICAL LEAVE ACT OF 1993

70. Plaintiff realleges and incorporates by reference paragraphs 11 through 49 above with the same force and effect as if fully set out in specific detail hereinbelow.

71. As set forth herein, plaintiff was an eligible employee under the FMLA in that she worked for more than 12 months and had worked more than 1250 hours of service within the preceding 12 months and had worked at a location where at least 50 employees were employed.

72. As a result of her serious medical conditions, as set out above, the Plaintiff requested FMLA medical leave from the defendant in 2017 and in 2018.

73. As set out in detail above, the Defendant interfered with Plaintiff's federally protected rights by denying her requests for FMLA leave in 2017 and in 2018.

74. As set out in detail above, the Defendant interfered with Plaintiff's federally protected rights by requiring a doctor's submission for each of Plaintiff's 2018 intermittent absences in violation of the law.

75. As set out in detail above, the Defendant interfered with Plaintiff's federally protected rights by subjecting her to investigation and termination of her

employment.

76. As set out in detail above, the Defendant discriminated against the Plaintiff under the FMLA by counting her eligible FMLA absences against her under the attendance/disciplinary policies.

77. As set out in detail above, the Defendant discriminated against the Plaintiff' under the FMLA by subjecting her to investigation and termination of her employment.

78. The defendant acted intentionally, maliciously, and with reckless indifference against Plaintiff in the terms, conditions, benefits of her employment in violation of the FMLA.

79. The plaintiff seeks to redress the wrongs alleged herein in this suit for lost wages, lost benefits, an injunction and a declaratory judgment. The plaintiff is now suffering and will continue to suffer irreparable injury from the defendant's unlawful policies and practices as set forth herein unless enjoined by this Court.

80. The defendant's unlawful actions against the Plaintiff, as set out above, were not made in good faith, nor did the defendant have any reasonable grounds for believing that such acts were not a violation of the Plaintiff's federally protected rights.

16

## **PRAYER FOR RELIEF**

**WHEREFORE,** the Plaintiff respectfully prays that this Court assume jurisdiction of this action and after trial:

1. Issue a declaratory judgment that the employment policies, practices, procedures, conditions and customs of the defendant are violative of the rights of the plaintiff, as secured by Title VII, by the Americans with Disabilities Act, and by the FMLA;

2. Grant plaintiff a permanent injunction enjoining the defendant, its agents, successors, employees, attorneys and those acting in concert with the defendant and at the defendant's request from continuing to violate Title VII of the Act of Congress known as "The Civil Rights Act of 1964," as amended by "The Civil Rights Act of 1991,"; the Americans with Disabilities Act, and the FMLA;

3. Grant the plaintiff an order requiring the defendant to make her whole by awarding her instatement into the position she would have occupied in the absence of the unlawful discrimination and/or retaliation by the defendant with the same seniority, leave and other benefits of the position (or front pay), back pay (with interest), and by awarding her compensatory (ADA/Title VII), punitive (ADA/Title VII), liquidated (FMLA), and/or nominal damages, attorney's fees, costs, and expenses;

4. Grant plaintiff reinstatement and a permanent injunction enjoining the defendant, its agents, successors, employees, attorneys and those acting in concert with the defendant, and at the defendant's request, from continuing to violate plaintiff's rights as well as those of others who are similarly-situated pursuant to Title VII, the Americans with Disabilities Act, and the FMLA;

5. Grant plaintiff her attorney's fees and costs; and

6. Grant plaintiff such other relief as justice requires.

Respectfully submitted,

s/ Temple D. Trueblood
Temple D. Trueblood
Counsel for Plaintiff

OF COUNSEL:
WIGGINS CHILDS PANTAZIS
   FISHER & GOLDFARB, L.L.C.
The Kress Building
301 19th Street North
Birmingham, Alabama  35203
Telephone: (205) 314-0500
Facsimile: (205) 254-1500
tdt@wigginschilds.com

**THE PLAINTIFF DEMANDS TRIAL BY STRUCK JURY ON ALL ISSUES TRIABLE TO A JURY.**

                                                   s/ Temple D. Trueblood
                                                   OF COUNSEL

**Plaintiff requests this Honorable Court to serve via certified mail upon each of the named defendants the following : Summons, Complaint.**

**Defendant's Address:**

**AT&T Mobility Services, LLC**
**c/o Registered Agent**
**C T Corporation System**
**2 North Jackson St., Suite 605**
**Montgomery, AL 36104**

                                         s/ Temple D. Trueblood
                                         OF COUNSEL